NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CAPELLA PHOTONICS, INC.,**
*Appellant*

v.

**CISCO SYSTEMS, INC., CIENA CORPORATION, CORIANT OPERATIONS, INC., CORIANT (USA) INC., FUJITSU NETWORK COMMUNICATIONS, INC., LUMENTUM HOLDINGS, INC., LUMENTUM INC., LUMENTUM OPERATIONS, LLC,**
*Appellees*

---

2016-2394, -2395, 2017-1105, -1106, -1107, -1108

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2014-01166, IPR2014-01276, IPR2015-00726, IPR2015-00727, IPR2015-00731, IPR2015-00739, IPR2015-01958, IPR2015-01961, IPR2015-01969, and IPR2015-01971.

---

**ON MOTION**

---

Before LINN, *Circuit Judge.*

**O R D E R**

Capella Photonics, Inc. moves to consolidate 2016-2394, -2395 with 2017-1105, -1107 and 2017-1106, -1108. Cisco Systems, Inc. *et al.* oppose the motion and separately move to deconsolidate 2017-1105, -1107 and 2017-1106, -1108 and instead consolidate 2017-1105 with 2017-1106 and consolidate 2017-1107 with 2017-1108. Capella opposes Cisco *et al.*'s motion.

These appeals stem from several *inter partes* review proceedings before the Patent Trial and Appeal Board concerning two patents owned by Capella, U.S. Patent Nos. RE42,368 ("the '368 patent") and RE42,678 ("the '678 patent").

Appeal Nos. 2016-2394 and 2016-2395 stem from petitions filed by Cisco Systems, Inc., Ciena Corporation, Coriant Operations, Inc., Coriant (USA) Inc., and Fujitsu Network Communications, Inc. requesting review of the '368 and '678 patents, respectively, based on two combinations of references: (1) Bouevitch, Smith, and Lin, and (2) Bouevitch, Smith, Lin, and Dueck. On July 29, 2016, the court issued an order *sua sponte* consolidating the two appeals.

Appeal Nos. 2017-1105 and 2017-1106 stem from petitions filed by Fujitsu, Coriant Operations, Coriant (USA), and Ciena requesting review of the '368 and '678 patents, respectively, based on two combinations of prior art: (1) Bouevitch and Carr, and (2) Bouevitch and Sparks.

Appeal Nos. 2017-1107 and 2017-1108 stem from petitions filed by Lumentum Holdings, Inc., Lumentum Inc., Lumentum Operations, LLC, Coriant Operations, Coriant (USA), Ciena, Cisco, and Fujitsu requesting review of the '368 and '678 patents, respectively, based on two combinations of references: (1) Bouevitch, Sparks, and Lin, and (2) Bouevitch, Sparks, Lin, and Dueck.

On October 28, 2016, the court issued an order *sua sponte* consolidating 2017-1105 and 2017-1107 (both

involving the '368 patent), consolidating 2017-1106 and 2017-1108 (both involving the '678 patent), and stating that "the two sets of consolidated cases shall be considered companion cases and assigned to the same merits panel."

Capella now moves to consolidate all six appeals because "[t]he proceedings at issue all involve the same two patents that share nearly identical specifications, same subject matter, nearly identical claimed subject matter, great overlap of references, and great overlap of parties."

Cisco *et al.* argue that "a single set of briefs and a single hearing will deprive the Appellees of a full opportunity to address the issues unique to each IPR" and that consolidation of all six cases would allow Capella "to draw on material outside of the individual IPR records." They instead request that the court consolidate 2017-1105 with 2017-1106 and consolidate 2017-1107 with 2017-1108 so that the appeals are grouped together "by petitioning party and similarity of issues and evidence presented . . . rather than by patent" and that the "appeals be treated as companion cases, preserving separate briefing, separate records, and separate hearing time."

The court notes that the rules allow different appellees represented by different counsel to file their own briefs. *See* Fed. Cir. R. 28 Practice Notes.

Accordingly,

IT IS ORDERED THAT:

(1) The stay of the briefing schedule is lifted.

(2) Capella's motion is granted. The appeals are consolidated. The revised official caption is reflected above. Capella's opening brief is due no later than 60 days from the date of filing of this order.

(3) Cisco *et al.*'s motion is denied.

4                    CAPELLA PHOTONICS, INC. v. CISCO SYSTEMS, INC.

           FOR THE COURT

           <u>/s/ Peter R. Marksteiner</u>
           Peter R. Marksteiner
           Clerk of Court

s32